The State, *ex rel.*, v. Lutz *et al.*

---

No. 25,865.

The State of Kansas, ex rel. H. F. Brown, as County Attorney, etc., *Plaintiff*, v. F. R. Lutz, as County Clerk of Reno County, et al., *Defendants*.

SYLLABUS BY THE COURT.

1. Mandamus—*Vacancy in Office of County Treasurer—How Filled—Appointment by County Commissioners—Nomination at August Primaries—Elected in November—Tenure of Office Under Appointment and Election—Officer Holds During Unexpired Term Only.* The person elected county treasurer in 1922 for the term beginning October, 1923, and ending October, 1925, failed to qualify, and the board of county commissioners filled the vacancy by appointment. *Held,* the appointee holds until the general election occurring in November, 1924. The vacancy is then to be filled by election of a candidate for the office nominated at the primary election to be held in August, 1924. The officer elected may qualify and enter upon the duties of his office immediately after election, and may hold during the unexpired term.

2. Same—*Election to Fill Vacancy Has No Effect on Nomination and Election of Treasurer for Regular Term Commencing in 1925.* The foregoing declaration is not affected by the fact that a county treasurer for the regular term beginning in October, 1925, is also to be nominated and elected in 1924.

3. Same—*Time for Declaration of Candidacy Expired at Noon, June 20, 1924.* A declaration of candidacy at the primary election for nomination to the office of county treasurer filed after noon of June 20, 1924, is a nullity.

Proceeding for declaratory judgment. Opinion filed July 5, 1924.

*Walter F. Jones,* of Hutchinson, for the plaintiff.

*John R. Beeching, John F. Rhodes,* and *William H. Burnett,* all of Hutchinson, for defendant Noonan.

The opinion of the court was delivered by

Burch, J.: The action is one for a declaratory judgment within the court's jurisdiction in mandamus, determining the duty of the

county clerk in respect to preparation of the ballot for the primary election to be held on August 5, 1924.

At the general election in 1922, L. J. Adkinson was elected county treasurer of Reno county for the term beginning October, 1923, and ending October, 1925. He failed to qualify, and Frank Y. Lewis was appointed by the board of county commissioners to fill the vacancy. A. E. Noonan has filed his declaration as a Republican candidate for the primary election nomination for the unexpired term. Unless there is a vacancy to be filled by election at the general election in November, 1924, for the unexpired term, and unless nomination of candidates to fill the vacancy must be made at the primary election, Noonan's name has no place on the primary election ballot.

The filling of vacancies in all county offices is provided for by R. S. 25-312, which reads as follows:

"All vacancies in any state or county office, and in the supreme or district courts, unless otherwise provided for by law; shall be filled by appointment from the governor, until the next general election after such vacancy occurs, when such vacancy shall be filled by election."

The terms of office of persons chosen to fill vacancies is provided for by R. S. 25-314, which reads as follows:

"Any of said officers that may be elected or appointed to fill vacancies may *qualify and enter upon the duties of their office immediately thereafter*, and when elected they may hold the same during the unexpired term for which they were elected, and until their successors are elected and qualified; but if appointed, they shall hold the same only until their successors are elected and qualified."

Applying these statutes, when Adkinson failed to qualify there was a vacancy in the office of county treasurer, to be filled by appointment extending to the general election of 1924. At that election the vacancy is to be filled by the election of a person to hold during the unexpired term, who may qualify and enter upon his duties immediately after election.

Since the legislature may make changes in terms of office, R. S. 25-314 is subject to an implied proviso, as R. S. 25-312 is subject to the express proviso, "unless otherwise provided by law." What other provision of law must be considered? It is conceded there is none except R. S. 19-504, which reads as follows:

"In case the office of county treasurer shall become vacant, the board of county commissioners shall appoint a suitable person to perform the duties of such treasurer, and the person so appointed, upon giving bond, with the

like sureties and conditions as that required in county treasurer's bonds, and in such sum as said board shall direct, shall be invested with all the duties of such treasurer until such vacancy shall be filled or such disability be removed."

On one side it is contended that if power of appointing to a county office be vested elsewhere than in the governor, R. S. 25-312 has no further application to that office, and consequently R. S. 19-504 is complete so far as filling vacancy in office of the county treasurer and term of the appointee are concerned. On the other side it is contended R. S. 25-312 and 25-314 are general provisions which control except so far as modified by other legislation, and in this instance R. S. 25-312 alone is modified to the extent only that the appointment is to be made by the county commissioners. The court agrees with the latter view.

There was good reason to transfer power of temporary appointment from the governor to the board of county commissioners, which has general charge of county affairs, is able to act advisedly in all cases, and is able to act quickly in an emergency. There was no reason for making appointment by the board of county commissioners instead of by the governor extend to end of term, notwithstanding a general election should supervene. R. S. 19-504 plainly contemplates a temporary filling of the office. The appointee of the board of county commissioners is not vested with the duties of office to the end of the term, but merely until the vacancy is filled. Filled how? R. S. 25-312, the only statute on the subject, answers the question—by election at the next general election after vacancy occurs. R. S. 25-314, unqualified by R. S. 19-504, then fixes the time the elected incumbent shall hold—during the unexpired term.

Since vacancies in the office of county treasurer are to be filled for the unexpired term at general elections only, nomination of candidates to fill such vacancies must be by primary election, under R. S. 25-201, and not under R. S. 25-301 and 25-302, which were superseded, so far as general elections were concerned, by the primary law.

The fact that candidates are to be nominated and elected for the regular term beginning in October, 1925, has no relevancy to the subject of filling the vacancy for the unexpired term.

On June 24, 1924, E. E. Woodson filed his declaration as a candidate for the unexpired term. His declaration having been filed

after noon of June 20, is a nullity. (*Bird v. Beggs,* ante, p. 619, just decided.)

Declaratory judgment in accordance with the views which have been expressed.